IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HELEN PEREZ,

          Plaintiff,

   v.

CONSOLIDATED TRIBAL HEALTH
PROJECT, INC.,

         Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 12-5403-SC

ORDER DENYING MOTION TO
REMAND

## I.   INTRODUCTION

Plaintiff Helen Perez ("Perez") brings this action in connection with an alleged slip-and-fall injury she sustained on the premises of Defendant Consolidated Tribal Health Project, Inc. ("Tribal Health").  Perez initially filed a complaint in Mendocino County Superior Court.  The U.S. Attorney subsequently removed on the grounds that Tribal Health is funded pursuant to the Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. § 450 et seq., and thus Perez's claims are governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  ECF No. 1 (Notice of Removal ("NOR")).  Perez now moves to remand the action

United States District Court
For the Northern District of California

1    back to state court.  ECF No. 16 ("Mot.").  Tribal Health has

2    opposed the motion, ECF No. 21 ("Opp'n"), but Perez has not filed a

3    reply brief.  Pursuant to Civil Local Rule 7-1(b), the Court finds

4    this matter appropriate for resolution without oral argument.  For

5    the reasons set forth below, Perez's motion to remand is DENIED.

6

7    **II.   BACKGROUND**

8         On March 3, 2011, Perez visited Tribal Health's facilities in

9    Redwood Valley, California for a medical appointment.[1]  See ECF No.

10   1-1 ("Compl.").  During her visit, Perez slipped and fell in Tribal

11   Health's restroom.  Id.  Perez alleges that Tribal Health was

12   "careless, negligent, and departed from accepted and standard

13   medical standards, generally, and specifically, in failing to

14   properly maintain their office and restroom, causing [her] to

15   sustain personal injuries."  Id.  In her motion for remand, Perez

16   concedes that her Complaint "was not a model of clarity," and that

17   she intended only to bring a cause of action for general

18   negligence, not medical malpractice.  Mot. at 7-8.

19        Since at least 2005, Tribal Health has operated under a

20   compact and funding agreement with the United States Department of

21   Health and Human Services ("HHS") pursuant to the ISDEAA.  Pete

22   Decl.[2] Exs. A ("Tribal Health-U.S. Compact"), B ("CY2011 Funding

23   Agreement").  The Tribal Health-U.S. Compact provides that "FTCA

24

25   [1] In her Complaint, Plaintiff alleges that her appointment was
     either on March 3, 2012 or March 3, 2010.  Plaintiff's Motion
26   states that, due to a scrivener's error, the Complaint sets for the
     wrong date.  Mot. at 7.
27

28   [2] Preston Pete, Consolidated Health's finance director, filed a
     declaration in opposition to Perez's motion to remand.  ECF No. 23
     ("Pete Decl.").

coverage of [Tribal Health] and its employees shall be governed by Pub. L. 93-638, as amended, and federal regulations relating thereto." Tribal Health-U.S. Compact Art. IV § 7(a). The Funding Agreement is incorporated into the compact, id. Art. VIII § 1, and obligates Tribal Health to provide for a number of programs, services, functions, and activities, including general health services and general program administration, CY2011 Funding Agreement § 2(A), (C). Under the CY2011 Funding Agreement, general program administration includes responsibility for "facilities, personnel, property and supply, housekeeping, and telecommunications management," as well as the maintenance of "functional and safe equipment and physical plant." Id. § 2(C)(2)-(3).

Perez filed this action in Mendocino County Superior Court on March 5, 2012. Tribal Health filed a demurrer in Superior Court, arguing that, as a tribal business entity, it was entitled to sovereign immunity. ECF No. 19 ("Pl.'s RJN") Ex. B. Judge Cindee Mayfield overruled the demurrer, finding that the issue called for consideration of evidence beyond that presented on the face of the Complaint. Id. The U.S Attorney received notice of the action on October 12, 2012 and removed the action to federal court on behalf of Tribal Health on October 19, 2012. NOR ¶ 2.

After removal, Tribal Health moved to dismiss on the grounds that (1) only the United States is a proper defendant in an FTCA action, and (2) Perez failed to file an administrative claim with HHS as required by the FTCA. ECF No. 4 ("MTD"). Perez failed to respond to the motion and the Court issued an order to show cause. At the show cause hearing, Perez's counsel argued that the case was

1   improperly removed.  The Court directed Perez to file a motion to

2   remand, which Perez subsequently did.

3

4   **III.  DISCUSSION**

5       In her motion to remand, Perez argues that the Court lacks

6   subject-matter jurisdiction under 28 U.S.C. § 1331, because she

7   does not seek relief under federal law and a federal question is

8   not apparent from the face of her complaint.  Mot. at 9-10.  But §

9   1331 does not control here because Perez has brought suit against

10  an agency of the United States.  Accordingly, the Court's

11  jurisdiction should be assessed under 28 U.S.C. § 1442(a).[3]

12      Section 1442(a) allows for the removal to federal court of any

13  civil action against the "United States or any agency thereof . . .

14  for or relating to any act under color of such office . . . ."  28

15  U.S.C. § 1442(a)(1).  Section 1442 is to be "interpreted broadly in

16  favor of removal."  Durham v. Lockheed Martin Corp., 445 F.3d 1247,

17  1252 (9th Cir. 2006).  "A party seeking removal under section 1442

18  must demonstrate that (a) it is a 'person' within the meaning of

19  the statute; (b) there is a causal nexus between its actions, taken

20  pursuant to a federal officer's directions, and plaintiff's claims;

21  and (c) it can assert a 'colorable federal defense.'"  Id. at 1251.

22  Here, all three requirements are met.

23      With respect to the first requirement of § 1442, Tribal Health

24  is a federal entity covered by the FTCA for purposes of Perez's

25  negligence claim under the ISDEAA.  The ISDEAA provides that tribal

26

27  _____

    [3] Perez also argues that the action was untimely removed.  However,
28  under the FTCA, the United States has the right to remove an action
    to a federal district court "at any time before trial."  28 U.S.C.
    § 2679(d)(2).

4

**United States District Court**
For the Northern District of California

1  organizations may enter into "self-determination contracts" with

2  the Department of the Interior ("DOI") and HHS to administer

3  programs or services that would otherwise have been administered by

4  the federal government.  25 U.S.C. § 450f.  It also provides that

5  for the purposes of personal injury claims "resulting from the

6  performance . . . of medical, surgical, dental, or related

7  functions," tribal organizations carrying out self-determination

8  contracts are "deemed to be part of [HHS's] Public Health Service."

9  Id. § 450f(d).

10      Perez argues that 25 U.S.C. § 450f is inapplicable here

11  because her injury arose out of a slip and fall, not a personal

12  injury "resulting from the performance . . . of medical, surgical,

13  dental, or related functions."  Mot. at 11-12.  But her injury did

14  result from Tribal Health's performance of medical functions.

15  Perez visited Tribal Health for a medical appointment.  In any

16  event, to the extent that there is any ambiguity concerning the

17  statutory language "resulting from the performance . . . of medical

18  . . . functions," HHS and DOI have promulgated regulations

19  clarifying that ambiguity.  Pursuant to 25 C.F.R. § 900.204, the

20  "FTCA [is] the exclusive remedy for a non-medical related tort

21  claim arising out of the performance of a self-determination

22  contract[.]"[4]

23      As to the second requirement of § 1442, there is a causal

24  nexus between Tribal Health's actions as a federal entity and

25

26  ─────────────────

27  [4] Perez also argues that HHS admits that the FTCA only protects
    health centers from medical malpractice claims, pointing to an HHS
    website which states that federally support health centers are
    "immune from suit for medical malpractice claims."  Mot. at 15.
28  But nothing on that website states that a health center's immunity
    is limited to medical malpractice claims.

5

United States District Court
For the Northern District of California

1    Perez's claims.  Perez's claims arise out of her medical

2    appointment at Tribal Health on March 3, 20011.  Perez alleges that

3    Tribal Health provided her with medical care and that it "was

4    careless, negligent, and departed from accepted . . . standard[s] .

5    . . in failing to properly maintain their office and restroom."

6    Compl.  Tribal Health operates under a compact and funding from

7    HHS, and the compact and funding agreement obligate Tribal Health

8    to provide general health services, as well as maintenance and

9    management of its facilities.  See Tribal Health-U.S. Compact;

10   CY2011 Funding Agreement.

11       With respect to the third requirement of § 1442, Tribal Health

12   has asserted a colorable federal defense of sovereign immunity.

13   The FTCA constitutes a waiver of federal sovereign immunity because

14   it permits torts claims against the federal government in certain

15   instances, but it requires plaintiffs to present their claims to

16   the appropriate Federal agency prior filing to suit.  See 28 U.S.C.

17   § 2675.  Tribal Health argues that Perez has failed to meet this

18   requirement.[5]  See MTD.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27

28   [5] Perez's motion to remand also includes a demand for a jury trial.
     That request is DENIED.  Pursuant to 28 U.S.C. § 2402, any action
     brought under the FTCA must tried by the court without a jury.

**IV.   <u>CONCLUSION</u>**

For the reasons set forth above, Plaintiff Helen Perez's motion to remand is DENIED.  Defendant Tribal Health's motion to dismiss is still pending before the Court.  Perez shall respond to that motion within fourteen (14) days of the signature date of this Order.  Failure to do so may result in dismissal of this action with prejudice.


IT IS SO ORDERED.


Dated:  March 21, 2013          

_____
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

7